IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GWENDOLYN WILKINS,<br>     Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO. L-09-1576 |
| | * | |
| ROBERT COOPER,<br>     Defendant. | * | |

**<u>MEMORANDUM</u>**

Now pending in this suit is defendant Robert Cooper's Motion to Substitute Defendant.  For the reasons stated herein, the Court will, by separate Order filed this date, GRANT the motion.

On January 6, 2009, plaintiff Gwendolyn Wilkins ("Wilkins") filed a complaint against Robert Cooper ("Cooper") with the District Court of Maryland of Anne Arundel County alleging "tort conflicts of law and breach of confidentiality."  While at work at the U.S. Postal Office (Linthicum Facility) on November 3, 2008, Wilkins was hit in the back with an all-purpose container. She was admitted to St. Agnes hospital for treatment and released. Wilkins's medical documentation indicates that she was originally scheduled to be off duty until November 5, 2008.  Wilkins's physician then amended her orders to state that Wilkins should only be off until the end of her shift on November 3, 2008, but that she should follow up with her physicians for reevaulation and a determination of whether work restrictions were necessary. Wilkins alleges that Cooper caused her medical orders to be changed, thereby reducing her time off from work.

1

Cooper removed the case to federal court on June 12, 2009, and filed a Motion to Substitute Party ("Motion") on August 12, 2009. At the time of the alleged negligence, both Cooper and Wilkins were employed by the United States Postal Service.

Cooper's Motion rests on the claim that at the time of the incident he was "acting within the scope of his employment for the United States." When a federal employee is charged with committing a negligent or wrongful act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act") authorizes the Attorney General to certify that an employee was acting within the scope of employment at the time of the incident. The Fourth Circuit Court of Appeals has determined that the certification "satisfies the government's prima facie burden" Maron v. United States of America, et al. 126 F.3d 317, 323 (1997). Subsequently, "[u]pon certification, the employee is dismissed from the action and the United States is substituted as defendant." Gutierrez De Martinez v. Lamagno et al., 515 U.S. 417, 419 (1995).

The Supreme Court, in Gutierrez, also determined that the certification was reviewable by the Court. Id. at 432. To refute the certification of scope of employment, the plaintiff must prove by a preponderance of the evidence that the individual defendant was not acting within the scope of employment. Maron, 126 F.3d at 323. If the plaintiff fails to meet this burden, the certification by the government stands and the motion must be granted. The claim then falls under the Federal Tort Claims Act ("FTCA"), which provides that a suit against the United States will be the exclusive remedy for persons claiming damages that result from that negligence. 28 U.S.C. §2679(b)(1)

Wilkins has alleged a state law tort against Cooper that falls within the FTCA. The Office of the U.S. Attorney for the District of Maryland has certified that Cooper

was acting within the scope of his employment when he performed the act about which plaintiff complains.   This certification meets the standards set forth in Gutierrez, though it does not carry any evidentiary weight because it does not detail or explain the basis for the certification. Maron, 126 F.3d at 323. The burden of proof to refute the certification then falls to Wilkins, who must show by a preponderance of the evidence that Cooper was not acting within the scope of his employment as a employee of the United States Postal Service. Id.

Wilkins has not met this burden.  In response to the certification, Wilkins contends that Cooper went to St. Agnes hospital for his own "personal benefit" and "appeared to use his official position" to further his "private interest."  Her statements do not provide "persuasive evidence refuting the certification." Id.  She does not offer any evidence that Cooper actually interfered with her treatment at St. Agnes, and she does not explain what benefit he would have derived doing so.

The U.S. Attorney's certification must, therefore, govern.  The FTCA provides that

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. §2679(d)(1).

Pursuant to the Westfall Act and the FTCA, the Court GRANTS the Motion to Substitute Defendant.

It is so ORDERED this 29th Day of September, 2009.

                                                                                       _____/s/_____
                                                                                       Benson Everett Legg
                                                                                       Chief Judge