IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GWENDOLYN WILKINS, | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | CIVIL NO. L-09-1576 |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

## **MEMORANDUM**

Plaintiff, Gwendolyn Wilkins, a postal worker, filed suit in the District Court of Maryland for Anne Arundel County against her supervisor, Robert Cooper. That case was removed to this Court. Following removal, the United States moved to dismiss Cooper and to substitute itself in his stead as the defendant. In a case such as this, the Federal Tort Claims Act provides that the government is the sole proper defendant. Accordingly, the Court granted the motion.

Now pending is the government's motion to dismiss the case.[1] The Federal Tort Claims Act requires a plaintiff to exhaust her administrative remedies before filing suit. Because Wilkins is a postal worker, she was required to file a claim with the United States Postal Service using form number SF 95. Because she did not take this step, her case will, in a separate order of this date, be dismissed with prejudice. Wilkins may refile her suit if the Postal Service denies her claim or fails to rule on it within six months of filing.

---

[1] Because the motion has been adequately briefed, no hearing is required. See Local Rule 105(6).

**I.     Background**

At the time of the originating incident in this matter, both Gwendolyn Wilkins ("Wilkins") and Robert Cooper ("Cooper") were employees of the United States Postal Service Incoming Mail Facility in Linthicum, Maryland. On November 3, 2008, Cooper allegedly struck Wilkins in the back with an all-purpose mail container. Wilkins was admitted that day to St. Agnes Hospital where she received care related to the injury. Her caregivers noted on her "Certificate for Work or School" ("Order") that she could return to work on November 5, 2008. That same day, a new Order was written and signed by a different caregiver amending the original Order, and listing November 3, 2008 as the day she could return to work. The new Order also noted that Wilkins should be "off work until the end of her shift and should follow up with her physician or workers comp clinic this morning for reevaulation and determination of work restrictions." Cooper sent Wilkins a memo referencing the amended Order, and informing Wilkins that she must report to work on November 3, 2008 at 2300 or face potential discipline.

On November 20, 2008, Wilkins sent letters to both Cooper and to Bonnie Phipps, President of St. Agnes Hospital. The letters alleged that Cooper had been given access to Wilkins's medical information without her permission, and had influenced her caregivers to change her Order. In the letters she demanded $5000 from both Cooper and Phipps.

Wilkins then filed a complaint with the District Court of Maryland for Anne Arundel County. Her complaint alleged simply "tort conflicts of law and breach of confidentiality." On February 17, 2009 the District Court dismissed the complaint against Bonnie Phipps.

## II.     Standard of Review

A motion to dismiss tests the sufficiency of a complaint.  The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) demand only a "short and plain" statement that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

Cooper bases his Motion to Dismiss on two legal grounds.  He moves to dismiss the case for failure to state a claim upon which relief can be granted, according to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).  These two rules require different analyses and supporting facts.

A complaint should not be dismissed for failure to state a claim under Fed. R. Civ. P.  12(b)(6) unless the plaintiff can prove no set of facts in support of its claim which entitle her to relief.  See Conley, 355 U.S. 41 at 45-46; Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  If the plaintiff is to survive a Rule 12(b)(6) motion to dismiss, she must plead facts that are plausible, and not merely conceivable, in support of her claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

A motion to dismiss based on a lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), requires the Court to determine whether it has the authority to hear the case. The "plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged" since the "party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity." Williams v. United States, 50 F.3d 299, 304 (4th Cir.

1995).  Motions to dismiss for lack of subject matter jurisdiction should be granted when a claim fails to allege facts upon which the court may base jurisdiction.  Davis v. Thompson, 367 F. Supp 2d 792, 799 (U.S. Dist. Md. 2005).

**III.     Discussion**

This Court lacks subject matter jurisdiction over Wilkins's claim because she has not yet satisfied the prerequisites necessary in order to file a claim against a federal employee under the Federal Tort Claims Act.  Because the Court has determined that it has no subject matter jurisdiction, it is not necessary to decide whether or not Rule 12(b)(6) also demands dismissal.

Because the Motion to Substitute Party has been granted, the defendant in the case is now the United States, and the Federal Tort Claims Act ("FTCA") now governs Wilkins's tort action.  A requirement to filing suit against the United States is the presentment of an administrative claim with the federal agency concerned, and rejection of the claim by that agency.  See Shaia v. Kelin, 2001 U.S. Dist. LEXIS 5600 (2001), Ahmed v. United States of America, 30 F.3d 514, 516 (4th Circuit, 1994).  The Fourth Circuit and its district courts have emphasized that if a claimant files suit without having first submitted his claim for administrative adjustment, the suit will be dismissed.  See Ahmed at 516, Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986), Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir., 2000).

The FTCA's implementing regulations say that a claim has been properly presented "when the government receives a completed SF 95 (or other written notification of an incident), and a claim for money damages in sum certain."  Kokotis,

quoting 28 C.F.R. §14.2(a) (1999). After the agency has denied the claim, the claimant is free to institute an action against the United States.  If, however, the agency fails to make a final disposition of the claim within six months after it has been submitted, the claimant may, at his option any time thereafter, deem the claim denied and proceed to file suit.

Because the filing of an administrative claim is "jurisdictional and may not be waived," Henderson, 785 F.2d at 123, this Court lacks subject matter jurisdiction to hear Wilkins's complaint if she has not yet filed an administrative claim.  Based upon the pleadings, it is clear that she has not yet done so.

In this case, because Wilkins and Cooper were employed by the United States Postal Service, Wilkins should have presented her SF 95 to the Postal Service before filing her complaint. The Law Department at the Postal Service maintains a database of claims received by the agency.  The Supervisory Tort Claims Examiner/Adjudicator for the Postal Service has declared, after searching all Postal Service Law Department records of administrative tort claims submitted and pending, that there is no record of an administrative claim filed by Gwendolyn Wilkins.

### IV.  Conclusion

Because Wilkins has not yet filed an administrative claim with the Postal Service, this Court lacks jurisdiction over the case and it must be dismissed.

It is so ORDERED this 30th Day of September, 2009.

                                                 /s/
                                      Benson Everett Legg
                                      Chief Judge